IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES BRANCH,

       Plaintiff,                          No. CIV S-06-1239 KJM

   vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

       Defendant.                 <u>ORDER</u>

_____/

        Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying applications for Disability Income Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act ("Act"), respectively.   For the reasons discussed below, the court will deny plaintiff's motion for summary judgment and the Commissioner's cross-motion for summary judgment, but will remand for further proceedings.

/////

/////

/////

1

I. <u>Factual and Procedural Background</u>

In a decision dated August 3, 2005,[1] the ALJ determined plaintiff was not disabled.[2] The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. The ALJ found plaintiff has severe impairments of congenital mild atrophy and weakness of the right upper extremity, stable diabetes, history of a small non-Q wave infarct, stable hypertension, and possible sleep apnea but these impairments do not meet or medically equal a listed impairment; plaintiff is not totally credible; plaintiff has the residual functional capacity to perform light work with certain postural limitations and the

---

[1] The written decision itself is undated; however the letter enclosing the decision is dated August 3, 2005. AT 20, 29.

[2] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 <u>et seq</u>. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. § 1382 <u>et seq</u>. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. <u>See</u> 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; <u>Bowen v. Yuckert</u>, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. <u>Bowen</u>, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. <u>Id</u>.

1 need to avoid concentrated exposure to dangerous hazards; plaintiff can perform his past relevant
2 work as a sales clerk and deliverer; and plaintiff is not disabled. Administrative Transcript
3 ("AT") 25, 28-29. Plaintiff contends the ALJ accorded improper weight to the opinions of
4 treating and examining physicians, improperly discredited plaintiff and committed error at step
5 two of the sequential analysis.

6 II. Standard of Review

7  The court reviews the Commissioner's decision to determine whether (1) it is
8 based on proper legal standards under 42 U.S.C. § 405(g), and (2) substantial evidence in the
9 record as a whole supports it. Copeland v. Bowen, 861 F.2d 536, 538 (9th Cir. 1988) (citing
10 Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 575-76 (9th Cir. 1988)).
11 Substantial evidence means more than a mere scintilla of evidence, but less than a
12 preponderance. Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996) (citing Sorenson v.
13 Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)). "It means such relevant evidence as a
14 reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402
15 U.S. 389, 402, 91 S. Ct. 1420 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S.
16 197, 229, 59 S. Ct. 206 (1938)). The record as a whole must be considered, Howard v. Heckler,
17 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that
18 detracts from the ALJ's conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir.
19 1985). The court may not affirm the ALJ's decision simply by isolating a specific quantum of
20 supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If
21 substantial evidence supports the administrative findings, or if there is conflicting evidence
22 supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see
23 Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an
24 improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d
25 1335, 1338 (9th Cir. 1988).

26 /////

III.  Analysis

Plaintiff contends the ALJ improperly rejected the opinion of a treating physician and improperly rejected in part the opinion of an examining physician.  Plaintiff's latter argument is dispositive and requires remand.

The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals.  Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995).  Ordinarily, more weight is given to the opinion of a treating professional, who has a greater opportunity to know and observe the patient as an individual.  Id.; Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996).

To evaluate whether an ALJ properly rejected a medical opinion, in addition to considering its source, the court considers whether (1) contradictory opinions are in the record, and (2) clinical findings support the opinions.  An ALJ may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons.  Lester, 81 F.3d at 831.  In contrast, a contradicted opinion of a treating or examining professional may be rejected for "specific and legitimate" reasons, that are supported by substantial evidence.  Id. at 830.  While a treating professional's opinion generally is accorded superior weight, if it is contradicted by a supported examining professional's opinion (e.g., supported by different independent clinical findings), the ALJ may resolve the conflict.  Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995) (citing Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989)).  In any event, the ALJ need not give weight to conclusory opinions supported by minimal clinical findings.  Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir.1999) (treating physician's conclusory, minimally supported opinion rejected); see also Magallanes, 881 F.2d at 751.  The opinion of a non-examining professional, without other evidence, is insufficient to reject the opinion of a treating or examining professional.  Lester, 81 F.3d at 831.

Plaintiff contests the weight the ALJ gave to the opinions of treating physician Dr. Sand and examining physician Dr. Benrazavi.  AT 150-156, 192-197.  The ALJ rejected the

opinion of Dr. Sand, which assessed extreme functional limitations (essentially restricting plaintiff to less than a residual sedentary functional capacity) in favor of those of the state agency physician and that of Dr. Benrazavi.[3]  AT 27, 142-149, 150-156.  The ALJ's reasons for discounting the opinion of Dr. Sand are specific and legitimate, and the ALJ was entitled to resolve the conflict between the extreme limitations assessed by Dr. Sand and the more moderate limitations assessed by the state agency and examining physicians.

At the same time, although the ALJ could choose to accord more weight to the opinion of Dr. Benrazavi, the ALJ's reasons for rejecting this physician's opinion with respect to additional limitations on walking/standing and driving do not meet the standards set forth above. Dr. Benrazavi concluded plaintiff could only stand and walk up to four hours per eight-hour day and that plaintiff should not drive unless his sleep apnea was treated.  AT 155-156.  The doctor attributed these limitations to plaintiff's "unstable angina and exertional chest pain, partial right upper extremity atrophy and weakness, and untreated sleep apnea."  Id.  The ALJ rejected these limitations because the ALJ concluded plaintiff did not have back problems.  Because Dr. Benrazavi's limitations were not predicated on a back disorder, the ALJ's reason for rejecting the standing/walking limitation is not legitimate.  The other reasons given also are not legitimate in that diabetes, hypertension, and progressive neurologic disorder were not the basis for Dr. Benrazavi's limitation on standing/walking; contrary to the ALJ's characterization of plaintiff's testimony, plaintiff testified he still suffered angina attacks.  AT 27, 235.

---

[3] Dr. Benrazavi's limitations are compatible with a residual functional capacity to perform less than a full range of light work.  As provided by 20 C.F.R. § 404.1567(b):

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.  To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.

1    With respect to the ALJ's rejection of sleep apnea as a basis for the limitations, the ALJ concluded there was no evidence that the diagnosis was correct and simply assumed the condition, if correctly diagnosed, could be treated successfully. AT 27. The record contains the result of a sleep study for apnea undergone by plaintiff after the date of the decision by the ALJ.[4] The pulse oximetry data indicate plaintiff had a total duration of 38 minutes and 48 seconds of SpO2 values below 85% during a seven-hour study. AT 206. Although a medical analysis of the results is not included in the record, it appears plaintiff has some kind of sleep disorder. Moreover, the Commissioner recognizes in the regulations that some sleep apnea conditions are not susceptible to treatment; thus any assumption on this bare record that plaintiff's condition could be successfully treated is erroneous. See 20 C.F.R. Part 404, Subpt. P, App. 1 § 3.00(H). Because the reasons given by the ALJ for rejecting Dr. Benrazavi's limitations on standing/walking and driving are inadequate, that opinion will be credited as a matter of law. See Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995).

If Dr. Benrazavi's limitations are credited, the ALJ's finding that plaintiff could perform his past relevant work cannot be upheld. Relying on the DOT,[5] the ALJ found plaintiff

---

[4] The Appeals Council included the results from the sleep study as part of the administrative record. AT 8, 206-211. Accordingly, this court has reviewed the ALJ's decision under the substantial evidence standard with due consideration of the sleep study. See Harman v. Apfel, 211 F.3d 1172, 1179-80 (9th Cir. 2000) (where plaintiff submitted additional materials to the Appeals Council in requesting review of the ALJ's decision, court may properly consider the additional materials because the Appeals Council addressed them in the context of denying plaintiff's request for review); see also Ramirez v. Shalala, 8 F.3d 1449, 1451-52 (9th Cir. 1993) (noting that where the Appeals Council declined to review the decision of the ALJ after examining the entire record, including new material, court considers both the ALJ's decision and the additional materials submitted to the Appeals Council).

[5] The United States Dept. of Labor, Employment & Training Admin., Dictionary of Occupational Titles (4th ed. 1991), ("DOT") is routinely relied on by the SSA "in determining the skill level of a claimant's past work, and in evaluating whether the claimant is able to perform other work in the national economy." Terry v. Sullivan, 903 F.2d 1273, 1276 (9th Cir. 1990). The DOT classifies jobs by their exertional and skill requirements. The DOT is a primary source of reliable job information for the Commissioner. 20 C.F.R. § 404.1566(d)(1).

1  could perform his past relevant work as a sales clerk[6] or as a deliverer.[7]  AT 28, 87, 89.  Under

2  either the description of job duties in the DOT or as described by plaintiff, neither job can be

3  performed by plaintiff if he is precluded from standing/walking more than four hours or driving.

4  See Pinto v. Massanari, 249 F.3d 840, 844-845 (9th Cir. 2001) (plaintiff must be able to perform

5  the actual functional demands and job duties of a particular past relevant job or the functional

6  demands and job duties of the occupation as generally required by employers throughout the

7  national economy); see also AT 81 (driving required for job as actually performed), AT 84

8  (standing required eight hours per day for job as actually performed).

9  Because the sequential analysis ended at step four, remand for immediate payment

10  of benefits would not be appropriate.  As discussed above, if Dr. Benrazavi's opinion is credited,

---

[6] The DOT provides in pertinent part:

**290.477-014 SALES CLERK (retail trade)**

Obtains or receives merchandise, totals bill, accepts payment, and makes change for customers in retail store such as tobacco shop, drug store, candy store, or liquor store: Stocks shelves, counters, or tables with merchandise. Sets up advertising displays or arranges merchandise on counters or tables to promote sales. Stamps, marks, or tags price on merchandise. Obtains merchandise requested by customer or receives merchandise selected by customer. Answers customer's questions concerning location, price, and use of merchandise. Totals price and tax on merchandise purchased by customer, using paper and pencil, cash register, or calculator, to determine bill. Accepts payment and makes change. Wraps or bags merchandise for customers. Cleans shelves, counters, or tables. Removes and records amount of cash in register at end of shift. May calculate sales discount to determine price. May keep record of sales, prepare inventory of stock, or order merchandise. May be designated according to product sold or type of store.
*GOE: 09.04.02 STRENGTH: L GED: R3 M2 L2 SVP: 3 DLU: 82*

[7] The DOT provides in pertinent part:

**230.663-010 DELIVERER, OUTSIDE (clerical) alternate titles: courier; messenger**

Delivers messages, telegrams, documents, packages, and other items to business establishments and private homes, traveling on foot or by bicycle, motorcycle, automobile, or public conveyance. May keep log of items received and delivered. May obtain receipts or payment for articles delivered. May service vehicle driven, such as checking fluid levels and replenishing fuel. May be designated according to item delivered, as Telegram Messenger (tel. & tel.).
*GOE: 07.07.02 STRENGTH: L GED: R2 M1 L2 SVP: 2 DLU: 88*

7

plaintiff cannot perform his past relevant work.  The matter therefore will be remanded so complete records of plaintiff's sleep apnea study and interpretation thereof can be obtained, a further consultative exam regarding the functional limitations due to sleep apnea may be obtained, if necessary, and for further development of the record with regard to step five of the sequential analysis.[8]

       For the foregoing reasons, this matter will be remanded under sentence four of 42 U.S.C. § 405(g) for further development of the record and further findings addressing the deficiencies noted above.

       Accordingly, IT IS HEREBY ORDERED that:

    1. Plaintiff's motion for summary judgment is denied;

    2. The Commissioner's cross-motion for summary judgment is denied; and

    3. This matter is remanded for further proceedings consistent with this order.

DATED: September 30, 2007.

                                      _____
                                      U.S. MAGISTRATE JUDGE

006
branch.ss

---

[8] Plaintiff also challenges the ALJ's credibility finding and the findings regarding severity of impairments at step two of the sequential analysis.  Because the matter is being remanded for further proceedings, the court will not reach these arguments.  However, on remand, if plaintiff's testimony regarding his subjective complaints is discredited, the ALJ must, in the absence of affirmative evidence showing that plaintiff is malingering, set forth clear and convincing reasons for rejecting plaintiff's testimony."  Morgan v. Commissioner of Social Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).  In addition, at step two of the sequential analysis, the ALJ must consider all of plaintiff's medically determinable impairments and must consider them in combination in assessing severity.  20 C.F.R. § 404.1523; see also  Social Security Ruling 02-01p (noting that obesity in combination with another impairment may increase the severity or functional limitations).

8